Dear Mr. Bailey,
This office is in receipt of your opinion request dated October 27, 1995, in which you present the following issues for our determination:
 1. Pursuant to LSA-R.S. 49:121, are decals and public plates required on vehicles leased by the Assessor's office but owned by a leasing company?
 2. Does the exemption provided in LSA-R.S. 49:121(E) apply to an Assessor's vehicle used in investigative work?
LSA-R.S. 49:121(A)(1), in pertinent part, provides:
 Every boat, watercraft, aircraft, automobile, truck, or other vehicle belonging to the state or to any of its political subdivisions, or to any department, board, commission, or agency of any of its political subdivisions shall, if required by law to bear a Louisiana license plate, bear a public license plate, and each such vehicle also shall have inscribed, painted, decaled, or stenciled conspicuously thereon . . . the name of the board, commission, department, agency, or subdivision of the state to which the boat, watercraft, aircraft, automobile, truck, or other vehicle belongs . . .
In Opinion 85-262, this office addressed whether public vehicles operated under a lease agreement or lease-purchase agreement must conform with the dictates of LSA-R.S. 49:121. In those opinions, this office determined that vehicles operated under a lease agreement do not fall under the scope of LSA-R.S. 49:121 as they are not owned by and, consequently, are not the property of the state or its political subdivisions.
However, Opinion 85-262 was issued with a caveat that, under certain circumstances, a lease-purchase agreement may constitute a sale such as when no significant consideration is paid at the end of the `lease' payments. In such a situation, "the transaction is merely an instrument of sale and title is legally transferred to the public entity subjecting such vehicles to the rules of R.S. 49:121." Opinion 85-262, p. 2.
Your second inquiry concerns the exemption provided in LSA-R.S.49:121(E) which, in pertinent part, states: "Those vehicles used in crime prevention and detection and similar investigative work, which if identified as required by this Section could not be used effectively for such purposes, are exempt from the provisions of this Part . . .". You ask whether an Assessor's vehicle used in investigative work would fall under this exception.
This office addressed similar situations in Opinions 94-423 and 89-346. Both of those opinions determined that the exemption does not require that an agency's vehicle be used exclusively for the purposes of crime prevention and detection in order to avail itself of the statutory requirements. This exemption applies so long as the vehicle is used a portion of the time for the purposes of crime prevention, detection, and/or similar investigative work.
In conclusion, notwithstanding a lease-purchase agreement that may constitute a sale, there are no requirements for the markings of said leased vehicles until they become the property of the state or its political subdivisions. Moreover, it is the continuing opinion of this office that Assessor's vehicles used in investigative work do not have to be marked pursuant to LSA-R.S. 49:121(A).
I trust this adequately addresses your questions. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________________________ CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI/CMF:gbe